IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN E. TARPLEY | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WMN-06-876 |
| MARY ANN SAAR, *et al.* | : | |
| Defendants | | |

o0o
## **MEMORANDUM**

Pending in the above-captioned civil rights action is Defendants' Motion to Dismiss or for Summary Judgment.  Paper No. 8.  In response, Plaintiff has filed a Cross-Motion for Summary Judgment.  Paper No. 13.  Upon review of the papers filed, this court finds a hearing in this matter unnecessary.  Local Rule 105.6 (D. Md. 2004).   For the reasons set forth below, Defendants' Motion, construed as a Motion for Summary Judgment, will be granted.

Background

Plaintiff claims that in October of 2002, he was transferred from Eastern Correctional Institution (ECI) to the Correctional Mental Health Center at Jessup (CMHCJ) for an evaluation. Paper No. 1 at p. 5.  He alleges that the evaluation included a series of questions, the answers to which were checked against information contained in Plaintiff's base file.  *Id*.  He claims that questions concerning other crimes with which he was not charged matched questions asked of him by an agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives and the Maryland State Deputy Fire Marshall after his arrest.  *Id*.   Plaintiff states that the post-arrest interview was recorded, but at trial the officials who interviewed him denied having any record of the interview other than their handwritten notes.  *Id*.  He asserts that a record of the interview would have been beneficial to his defense.  *Id*.

Because of the similarities in the questions asked by staff at CMHCJ, Plaintiff formed a suspicion that the state hid a record of his post-arrest interview in his prison base file. *Id*. at p. 6.

To confirm his suspicion, Plaintiff sought disclosure of his base file from prison officials, but was denied access to his file. *Id*. at p. 6.  Plaintiff filed an administrative remedy procedure complaint regarding the denial, claiming that denying access to his file violated applicable regulations.  *Id*.  After a hearing before the Inmate Grievance Office (IGO), Plaintiff prevailed on his claim that denial of access to the file was wrongful; however, he was not provided access to the records. *Id*. at pp. 7– 8.  Plaintiff sought to enforce the decision through a complaint filed with the IGO, but claims the complaint was not addressed.  *Id*. at p. 8.

Defendants assert that Plaintiff has in fact been permitted to review his base file in compliance with applicable regulations.  Paper No. 8 at Ex. 1.  They submit evidence that Plaintiff reviewed his file on January 30, 2004; September 14, 2004; and September 20, 2005. *Id*. at pp. 3, 7, and 8.  Defendants further state that Plaintiff has no constitutional right to have unfettered access to his prison records.  Documents submitted by Plaintiff in support of his Cross Motion for Summary Judgment indicate that the records Plaintiff seeks to review are psychological records.  Paper No. 13 at Ex. A, p. 1.  Plaintiff was informed, in response to an administrative remedy complaint, that he is not permitted to review those records.  *Id*.

## Injunctive Relief

Plaintiff seeks an Order from this court requiring Defendants to permit access to all of his records.  Paper No. 1.  The legal standard to apply in considering an application for injunctive relief is set forth in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), which holds that injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that the movant will succeed on the merits; and (iv) that the public interest will be

served if the injunction is granted.  *See  Blackwelder*, 550 F.2d at 195-96; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000).

The initial factor to be examined in the aforementioned analysis is the "likelihood of irreparable harm to the plaintiff."  Indeed, the failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny a preliminary injunction. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.)   In addition, the required irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983).  Because it is clear from the records submitted that Plaintiff has reviewed his records in accordance with applicable regulations, he has failed to show that he is entitled to injunctive relief.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

3

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'"   *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Analysis

Prisoners have no general constitutional right of access to prison files. *See Paine v. Baker*, 595 F.2d 197, 200 (4th Cir. 1979). To the extent that Plaintiff's claim can be construed

as alleging that certain information in his file is either incorrect or improper, he has a limited right to have prejudicial erroneous information removed from his file. *Id*. at 202. Plaintiff must establish that the information is in the file, it is false, and it has been relied upon to a constitutionally significant degree. *Id*. Before a civil rights action may be entertained, however, Plaintiff must first request that the information be expunged from his file and establish that there has been a refusal to do so. *Id*.

Plaintiff's claim is predicated on his belief that the information alleged is in his base file but he has not been provided access to it because it was not there when he reviewed his record. The Complaint, however, asserts that he became aware of the information in the context of a psychological evaluation. Plaintiff has no right of access to psychological records either under Maryland law[1] or the constitution. To the extent that the information is prejudicial and erroneous, Plaintiff has neither alleged nor proven that he requested expunction of that information from his files, a jurisdictional prerequisite to filing a civil rights action. Accordingly, Defendants are entitled to summary judgment in their favor.

/s/

12/14/06  _____
Date  William M. Nickerson
Senior United States District Judge

---

[1] *See* Md. Health Gen. Code Ann. § 4-307.